72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marietta M. SANDERS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-4055.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1995.
 ORDER AND JUDGMENT[2]
 
 1
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,* District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Marietta M. Sanders filed an application for Social Security benefits alleging a disability beginning on January 1, 1987, due to impairments from chronic liver disease. After a hearing, an administrative law judge (ALJ) concluded at step five of the five-part sequential evaluation process, see 20 C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), that she could still perform limited sedentary work and, therefore, was not disabled. Because the Appeals Council denied review, the ALJ's decision became the Secretary's final decision. Plaintiff appeals from the district court's order affirming the Secretary's decision to deny her disability benefits. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291.
 
 
 4
 Plaintiff contends that the district court erred in affirming the Secretary's determinations that: (1) her impairments did not equal Listed Impairment 5.05(F)(3) before her insured status expired, and (2) she retained the residual functional capacity to perform a limited range of sedentary, unskilled work available in significant numbers in the national economy.
 
 
 5
 We review the Secretary's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation and citation omitted). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir.1995).
 
 
 6
 We reject plaintiff's claim that the ALJ erred in concluding at step three that the combination of her impairments did not meet or equal a Listed Impairment. See generally 20 C.F.R., Pt. 404, Subpt. P, App. 1. Plaintiff needed to establish that she was disabled before her insured status expired on June 30, 1988. The ALJ acknowledged that a liver biopsy provided timely confirmation of her chronic liver disease, and that this evidence met one requirement of Listed Impairment 5.05(F). Appellee's Supp.App. at 16. However, the ALJ pointed out that plaintiff did not meet any one of the other three alternate requirements of the Listing. Id. (discussing requirements of 20 C.F.R., Pt. 404, Subpt. P, App. 1, 5.05(F)(1), (2), and (3)). Plaintiff concedes this point, but argues that she nevertheless demonstrated repeated low platelet counts, and that this can be equivalent to "repeated abnormalities of prothrombin time," 5.05(F)(3). She contends that the ALJ improperly rejected this argument without explanation.
 
 
 7
 The evidence on this point, however, establishes that plaintiff's attorney asked a medical expert if low platelet count could be equivalent to low prothrombin time. The doctor stated that it was not necessarily equivalent, specifically in plaintiff's case because her platelet count was not low enough to be disabling. The medical expert concluded that plaintiff's impairments, individually or in combination, were not equivalent in severity to Listed Impairment 5.05(F) before June 30, 1988. This testimony constituted substantial evidence that plaintiff's combined impairments were not disabling.
 
 
 8
 Plaintiff argues that one of her treating physicians, Dr. John R. Wood, believed she was disabled as early as June 1987, and that another, Dr. Clyde J. Faucett, also believed she was disabled. Dr. Wood's October 1992 letter, however, does not discuss whether her impairments were equivalent to a Listed Impairment, but only whether she met the Listings. Therefore, Dr. Wood's letter does not support her argument that her impairments were equivalent to Listed Impairment 5.05(F). Further, Dr. Wood's opinion that plaintiff met the requirements of 5.05(F) as early as June 1987 is not supported by medical findings, but only by a very brief and conclusory summary of her past medical records. Therefore, Dr. Wood's letter is not substantial evidence and the ALJ properly rejected it. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir.1994); see 20 C.F.R. 404.1527(d)(2). Dr. Faucett's October 1992 letter is more brief and too conclusory to constitute substantial evidence. The ALJ did not err at step three.
 
 
 9
 We remand for additional proceedings at step five, however. The ALJ determined that plaintiff's condition limited her to sedentary, unskilled work to accommodate her minor deficiencies in memory and concentration; away from objects that might bruise her; not requiring the use of her right arm for pushing, pulling, reaching, or opening things; and where she could alternate sitting, standing, and walking every half hour to an hour. The ALJ decided that plaintiff could still work because a vocational expert identified two jobs--cashier II and production inspector--that supposedly satisfied all of her restrictions. Plaintiff correctly points out, however, that neither of these jobs is rated sedentary and unskilled in the Dictionary of Occupational Titles (DOT). The ALJ is required to take notice of the DOT, 20 C.F.R. 404.1566(d)(1), and the DOT controls when a vocational expert's testimony contradicts it, see Campbell v. Bowen, 822 F.2d 1518, 1523 n. 3 (10th Cir.1987). Cashier II and production inspector, therefore, are not jobs that plaintiff could perform, based on the ALJ's finding of her residual functional capacity. We remand for additional proceedings to determine if other jobs exist that plaintiff could perform despite the limitations the ALJ accepted.
 
 
 10
 The government's motion to file a supplemental appendix is granted.
 
 
 11
 The judgment of the district court is REVERSED and the case is remanded with directions that the district court REMAND to the Secretary for additional proceedings consistent with this order and judgment.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation